IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:24-CV-2942-D |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant State Farm Lloyds's ("State Farm's") June 10, 2025 motion for costs and sanctions and to compel plaintiff's depositions is granted in part and denied in part as moot.[1]

I

This removed civil action arises out of an insurance dispute between plaintiff Norma Hernandez ("Hernandez") and defendant State Farm relating to a claim for wind and hail damage to Hernandez's property.

On August 19, 2024 State Farm requested the depositions of Hernandez and Jose Arreola ("Arreola"), who was also a named insured on Hernandez's State Farm policy. After several months of email exchanges, State Farm noticed the depositions of Hernandez and Arreola for June 5, 2025. Hernandez's counsel responded that June 5, 2025 would not work,

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

proposed different dates, and stated that he needed dates for the depositions of Carlos Martinez ("Martinez") (an insurance adjuster)[2] and State Farm's corporate representative. Hernandez's counsel then unilaterally noticed the depositions of State Farm's corporate representative for May 19, 2025 and Martinez for May 30, 2025. State Farm's counsel responded, informing Hernandez's counsel:

> I am not available on May 19th. However, I believe I am available May 30 so we will use that date for the insureds. We will see if our witnesses are still available on the dates we previously offered. *We will not be presenting them on the dates you just noticed*.

D. App. 50 (emphasis added). State Farm then noticed the depositions of Hernandez and Arreola for May 30, 2025. Hernandez's counsel and State Farm's counsel continued to negotiate dates for the depositions of State Farm's corporate representative and Martinez.

On May 30, 2025, less than an hour before Hernandez's deposition was scheduled to begin, Hernandez's counsel emailed State Farm's counsel to schedule a call to "chat about depos." *Id.* at 56. State Farm's counsel responded:

> I am confused by your email because the insureds' depositions are noticed for 10 AM today. They were properly noticed for a date you indicated you were available and you never indicated there was an issue since they have been noticed. I am planning to take these depositions today. If the insureds do not appear, State Farm will seek its costs.

---

[2] Martinez was originally a defendant in this case, but was nonsuited on November 22, 2024, while the case was pending in Texas state court. (The record is somewhat confusing because Martinez is listed as a defendant in the certificate of interested persons that Hernandez filed on February 5, 2025, after the case was removed to this court.)

*Id.* at 55.

Neither Hernandez, Arreola, nor Hernandez's attorney appeared for the May 30, 2025 noticed depositions. As a result, State Farm incurred $1,655.00 in costs for the court reporter and videographer.

On June 10, 2025 State Farm filed the instant motion for costs and sanctions and to compel plaintiff's depositions. Hernandez opposes the motion, which the court is deciding on the briefs, without oral argument.

II

State Farm seeks an order compelling Hernandez and Arreola to appear for their depositions on a mutually agreeable date within 30 days,[3] compelling Hernandez's counsel to pay State Farm's costs incurred for the deposition for which neither Hernandez nor Arreola appeared, and compelling Hernandez's counsel to pay the attorney's fees incurred in connection with the instant motion.

In its response to State Farm's motion, Hernandez contends that, on June 11, 2025, the day after State Farm filed its motion, the parties resolved "nearly all the issues surrounding the depositions." P. Br. (ECF No. 22) at 1. She maintains, in pertinent part, that filing the instant motion and "[u]nilaterally scheduling Plaintiff's deposition for May 30, 2025, the same time as Carlos Martinez's deposition is the definition of gamesmanship and

---

[3]In State Farm's brief, it requests "an order compelling *Plaintiff* to appear for deposition on a mutually agreeable date within 30 days of the Court's order." D. Br. (ECF No. 20) at 10 (emphasis added). But the brief elsewhere refers to both Hernandez and Arreola, so the court assumes that State Farm's motion pertains to both insureds.

abusive litigation tactics admonished in [*Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc)]."[4]  *Id*. at 8 (emphasis omitted).

State Farm replies, *inter alia*, that Hernandez's counsel has not yet offered a date for the deposition of Arreola and seeks an order compelling his deposition on the same date as Hernandez's, i.e., August 14, 2025.

III

To the extent that the parties have already scheduled a date for the deposition of Hernandez, State Farm's motion is denied without prejudice as moot.  Insofar as the parties have not yet scheduled a deposition for Arreola, the court grants State Farm's motion to compel and orders that his deposition be conducted on the same date as Hernandez's, or at another mutually agreeable date and time, within 30 days of the date this memorandum opinion and order is filed.

IV

State Farm moves for an order compelling the payment of $1,655.00 in costs that it incurred for the court reporter and videographer on May 30, 2025, and $2,500 in attorney's fees associated with preparing the instant motion.

---

[4]The court rejects Hernandez's argument that State Farm has engaged in "gamesmanship and abusive litigation tactics."  First, State Farm did *not*, as Hernandez argues, unilaterally notice plaintiff's deposition for the same time as Martinez's deposition.  State Farm's April 25, 2025 email clearly states that Martinez would *not* be available for a deposition on May 30, 2025.  Second, at the time State Farm filed the instant motion, the parties had not yet agreed to a date for the depositions of Hernandez and Arreola.

Under Fed. R. Civ. P. 37(d),[5] the court may order sanctions if a party, after being served with proper notice, fails to appear for her deposition. And "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added). Because Hernandez and Arreola did not appear for their properly-noticed depositions, thus necessitating the instant motion, the court, under Rule 37(d)(3), grants State Farm's request for $1,655.00 in costs and $2,500 in attorney's fees, payable by Hernandez's counsel within 30 days of the date this memorandum opinion and order is filed.[6]

V

State Farm also seeks sanctions under 28 U.S.C. § 1927 and the court's inherent authority. The court denies this request.

To be entitled to an award of sanctions under § 1927, State Farm must demonstrate "that the sanctioned attorney multiplied the proceedings both 'unreasonably' and 'vexatiously.'" *Zark v. Air Exp. Int'l USA, Inc.*, 2010 WL 1141396, at *3 (N.D. Tex. Mar. 25, 2010) (Fitzwater, C.J.) (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519,

---

[5]In its motion, State Farm appears to request an award of costs and expenses under Rule 37(a)(5)(A). *See* P. Br. (ECF No. 20) at 8. But because the costs and expenses State Farm seeks relate primarily to the failure of Hernandez and Arreola to appear for their depositions, the award of reasonable expenses, including attorney's fees, seems more appropriate under Rule 37(d).

[6]The relief the court is ordering today would be the same even if it were addressed only to Hernandez and not also to Arreola, who is not a party.

525 (5th Cir. 2002)). This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Similarly, a court may assess attorney's fees under its inherent authority "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *SEC v. Faulkner*, 2018 WL 2761850, at *1 n.1 (N.D. Tex. June 6, 2018) (Fitzwater, J.) (citation omitted).

The court concludes that Hernandez's counsel did not engage in the bad faith or vexatious behavior necessary for the court to impose sanctions under § 1927 or its inherent authority. Accordingly, it denies State Farm's motion for sanctions on these bases.

\* \* \*

For the reasons explained, the court grants in part and denies in part State Farm's June 10, 2025 motion for costs and sanctions and to compel plaintiff's depositions.

**SO ORDERED**.

July 24, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE